UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOHN SLAUGHTER,

          Plaintiff,

    v.

OFFICER NATE WILL, OFFICER
WILLIAM COTE, OFFICER HEATHER
WAKEM, city police department employees,
CITY OF TIGARD, by and through the City of
Tigard Police Department, a political
subdivision of the State of Oregon,

          Defendants.

3:14-cv-01811-YY

FINDINGS AND
RECOMMENDATION

YOU, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, John Slaughter, brings this action against the City of Tigard (the "City")

and several officers of the City of Tigard Police Department.  Defendants move for partial

summary judgment on plaintiff's Fifth Claim for Relief – Elder Abuse (docket #15).

Defendants assert that, because plaintiff has alleged violations of state law against a public

body or an employee of a public body, he is limited to relief under the Oregon Tort Claims

1 - FINDINGS AND RECOMMENDATIONS

Act and his elder abuse claim therefore must be dismissed.  For the reasons set forth below, defendants' motion for summary judgment should be granted.

## UNDISPUTED FACTS

The facts alleged in the complaint and undisputed by defendants for purposes of their motion for summary judgment are as follows:  On March 28, 2013, plaintiff, who was 75 years old, was engaged in a dispute at US Bank regarding the closing of his account.  US Bank tried to give plaintiff a cashier's check.  Plaintiff refused the cashier's check and requested cash.  US Bank personnel told plaintiff that he had to sign the cashier's check to receive cash, but plaintiff refused to sign it.

Plaintiff called 9-1-1 and defendant Officer Will responded.  Officer Will asked plaintiff to sign the cashier's check and he refused.

Defendant Officers Cote and Wakem subsequently arrived and surrounded plaintiff. After approximately 30 minutes of argument, Officer Will demanded that plaintiff sign the cashier's check or leave.  When plaintiff raised his voice, demanding his money, Officers Will, Cote, and Wakem grabbed plaintiff, moved him away from the counter, and threw him to the floor causing physical injuries.  Plaintiff was handcuffed and taken into custody, which caused him further physical injuries.

In his complaint, plaintiff asserts the following claims:

Claim One:  42 U.S.C. § 1983 claim against defendants Will, Cote, and Wakem for violations of his Fourth and Fourteenth Amendment rights by arresting him without probable cause;

Claim Two:  42 U.S.C. § 1983 claim against defendants Will, Cote, and Wakem for violations of his Fourth and Fourteenth Amendment rights by unconstitutional use of force;

Claim Three: state common law battery claim against defendants Will, Cote, Wakem and the City;

Claim Four:  state common law assault claim against defendants Will, Cote, Wakem, and the City;

Claim Five:  elder abuse claim under ORS 124.100 against defendants Will, Cote, Wakem, and the City; and

Claim Six:  state common law negligence claim against defendants Will, Cote, Wakem, and the City.

## **STANDARDS**

FRCP 56(c) authorizes summary judgment if "no genuine issue" exists regarding any material fact and "the moving party is entitled to judgment as a matter of law."  Here, the material facts are not in dispute, so the only issue is whether defendants are entitled to prevail as a matter of law.

The legal question presented in this case is one of Oregon law and statutory interpretation.  A federal court interpreting Oregon law should "interpret the law as would the [Oregon] Supreme Court."  *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202, 1209 (9th Cir. 2010) (alteration in original).  "When interpreting state law, federal courts are bound by decisions of the state's highest court."  *Alliance for Prop. Rights & Fiscal Responsibility v. City of Id. Falls*, 742 F.3d 1100, 1103 (9th Cir. 2013), citing *Ariz. Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995).  If the state's highest court has not squarely addressed the issue, the federal court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises and restatements for guidance."  *Id.* at 1102 (citing *Glendale Assocs., Ltd.*

*v. N.L.R.B.*, 347 F.3d 1145, 1154 (9th Cir. 2003)).  In deciding an issue of state law, when "there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it."  *Hayes v. Cty. of San Diego*, 658 F.3d 867, 870 (9th Cir. 2011).

Oregon law dictates that the first step of statutory interpretation is an examination of the text and context of the statute in order "to discern the intent of the legislature." *Portland Gen. Elec. Co. v. Bureau of Labor & Indus.* (*PGE*), 317 Or. 606, 610, 859 P.2d 1145, 1145 (1993), *superseded by statute*, ORS 174.020; *see State v. Gaines*, 346 Or. 160, 171, 206 P.3d 1042, 1050 (2009) (explaining that ORS 174.020 did not alter the holding in *PGE* regarding the first step of statutory interpretation).  "[A]fter examining text and context," the court will "consult" the legislative history, "even if the court does not perceive an ambiguity in the statute's text, where that legislative history appears useful to the court's analysis." *Gaines*, 346 Or. at 172, 206 P.3d at 1050–51.  The "evaluative weight" given to the legislative history is for the court to determine. *Id*.  At the "third[] and final step[] of the interpretive methodology," if "the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Id*.

## **FINDINGS**

In his fifth claim, Plaintiff asserts a claim of elder abuse under ORS 124.100.  ORS 124.100(g) provides that "[a] vulnerable person who suffers injury, damage or death by reason of physical abuse . . . may bring an action against any person who has caused the physical . . . abuse or who has permitted another person to engage in physical . . . abuse."  A "vulnerable person" is

defined as an "elderly person." ORS 124.100(1)(e)(A). An "elderly person" is defined as "a person 65 years of age or older." ORS 124.100(1)(a). The type of "physical abuse" that is subject to ORS 124.100 includes acts that constitute assault under Oregon's criminal code. ORS 124.105(1)(a).[1] The prevailing plaintiff in a claim made pursuant to ORS 124.100(2) is entitled to treble damages and attorney fees. ORS 124.100(2).

Defendants assert that plaintiff's elder abuse claim should be dismissed because Oregon's Tort Claims Act, ORS 30.260–30.300, provides the exclusive remedy for his claim.

Indeed, ORS 30.320 expressly states that the Tort Claims Act is the only avenue of relief for torts committed by those governmental units listed in ORS 30.310:

> An action may be maintained against any governmental unit mentioned in ORS 30.310 for liability in tort *only* as provided in ORS 30.260 to 30.300.

(Emphasis added).

Incorporated cities, like the City, are included in the list of governmental units mentioned in ORS 30.310.[2] Additionally, ORS 30.265(2) provides that the sole cause of action against an officer, employees, or agents of a public body is the Tort Claims Act:

> The *sole cause of action for a tort* committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 is an action under ORS 30.260 to 30.300. The remedy provided by ORS 30.260 to 30.300 is *exclusive of any other action* against any such officer, employee or agent of a public body whose act or omission within the scope of the officer's, employee's or agent's

---

[1] ORS 124.105(1)(a) provides:

(1) An action may be brought under ORS 124.100 for physical abuse if the defendant engaged in conduct against a vulnerable person that would constitute any of the following:

 (a) Assault, under the provisions of ORS 163.160, 163.165, 163.175 and 163.185.

[2] ORS 30.310 mentions "the State of Oregon or any county, incorporated city, school district or other public corporation of like character in this state."

employment or duties gives rise to the action. ***No other form of civil action is permitted.***

(Emphasis added).

The statute is clear that this remedy is "exclusive of any other action" and "[n]o other form of civil action is permitted."  ORS 30.300 further emphasizes that the Tort Claims Act is "exclusive and supersede[s] all home rule charter provisions and conflicting laws and ordinances on the same subject."

Another court in this district, in examining the identical issue presented in this motion, dismissed an elder abuse claim on the same ground.  The court similarly concluded that "[t]he plain text of the OTCA is quite clear that a plaintiff may not pursue a state-law civil action against a state official unless the claim arises out of the OTCA."  *A.G. v. Or. Dep't of Human Servs.*, No. 3:13-CV-01051-AC, 2015 WL 5178707, at *14 (D. Or. Sept. 3, 2015); *see also Weaver v. Lane County*, 10 Or. App. 281, 291, 499 P.2d 1351, 1356 (1972)) (the language of ORS 30.300 and ORS 30.320 "is a clear indication of a legislative intent that . . . a claim against a public body can only be brought under the governmental tort liability law").

Plaintiff also contends that an elder abuse claim is not a "tort" and therefore not subject to the Oregon Tort Claims Act.  To the contrary, the assault alleged in plaintiff's complaint is a tort.  As noted above, ORS 124.100 allows an elderly person to bring an action for "physical abuse," which includes acts constituting assault under the Oregon's criminal code.  ORS 124.105(1)(a).  The Oregon legislature has recognized that criminal assault is a "tort law derived concept."  Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 94, at 95 (July 1970).

6 - FINDINGS AND RECOMMENDATIONS

Moreover, as the court explained in *A.G.*, ORS 30.265(2) refers not only to torts but includes all "civil actions":

> The final sentence of that subsection unequivocally states that "[n]o other form of civil action is permitted." The drafters' use of "civil action" instead of "tort" broadens the scope of section 30.265(2) to ensure it covers all claims, not just common-law torts.

2015 WL 5178707, at \*14; *see also MNO v. Magana*, No. Civ. 03-6393-TC, 2006 WL 559214, at \*19 (D Or 2006) (dismissing plaintiffs' common law respondeat superior claims because the Oregon Tort Claims Act provides the exclusive vehicle for bringing tort claims against a municipality).  Because Oregon's Tort Claims Act provides the exclusive remedy for plaintiff's claim, his claim of elder abuse under ORS 124.100 should be dismissed.

## RECOMMENDATION

For the reasons stated, defendants' Motion for Partial Summary Judgment (docket #15) should be GRANTED.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Tuesday, July 05, 2016.  If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED June 15, 2016.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATIONS